**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 96-20948
Summary Calender
_____


DORA M. PERKINS,

                              Plaintiff-Appellant,

          VERSUS

     NATIONSBANK OF TEXAS, N.A.,

                              Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Texas
CA-H-96-570
_____

May 13, 1997

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]


     Dora Perkins appeals a summary judgment.  Finding no error, we affirm.


                         I.

     Perkins worked for NationsBank from 1984 to 1995.  In 1990,

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

she was promoted to Teller Coordinator at the motorbank. Her employment records and evaluations show strong customer relation and technical skills but poor management skills and occasional problems with security.

On March 20, 1995, Perkins held a meeting with members of her group and her supervisor, Mary Barta, in which she complained that she was being treated unfairly because of her age. On April 18, 1995, NationsBank placed her on "formal warning" for lax internal controls and for an incident in which she left the cash vault open and unattended. On May 4, 1995, she was again placed on formal warning for a $1316 outage.[1]

On June 16, 1995, a $20,000 outage was discovered at the motorbank. NationsBank immediately began an investigation. It decided that Perkins had defeated the bank's dual control policy by instructing her supervisees to sign off on balance counts they did not witness. It also concluded that she had engaged in "forced balancing" on seven of the ten days prior to the outage, making it impossible to track the lost $20,000.

NationsBank did not accuse Perkins of taking the money but concluded that her lax security procedures had made the incident possible. On August 17, 1995, NationsBank terminated her.

Perkins believes that Barta plotted with other employees to

---

[1] The "outage" was caused by Perkins's accounting error; NationsBank did not lose any money. Apparently, NationsBank disciplined Perkins because her lax security methods made it difficult for NationsBank to trace and rectify the error.

frame her for the disappearance of the money. Her evidence consists of the facts that (1) Geddes, a hired investigator, never investigated Barta and Pam Ramsey, another supervisor; (2) Ramsey and Geddes "would meet, once they had a meeting"; and (3) Raymond Jackson, another investigator, instructed her not to mention her inconclusive polygraph test to anyone. The "smoking gun," according to Perkins, was that Ramsey used the word "perfect" in a conversation with herSSthe same word Geddes later used while talking to her. She said that "that's about as thorough as a conspiracy can get."

## II.

Perkins sued for race discrimination, retaliation for making a complaint of race discrimination, age discrimination, intentional infliction of emotional distress, and slander. The district court dismissed the two state law claims and allowed limited discovery on the discrimination and retaliation claims.

Two days before NationsBank was scheduled to file its motion for summary judgment, Perkins moved for leave to file an amended complaint, dropping all claims but the title VII retaliation claim and substantially changing the factual allegations. NationsBank opposed this motion.

Perkins filed a memorandum in opposition to summary judgment and moved for sanctions under FED. R. CIV. P. 11 for alleged discovery abuses by NationsBank. She complained that she had

received inadequate discovery but did not request a continuance under FED. R. CIV. P. 56(f). The district court granted NationsBank summary judgment on all claims, without written comment, and denied all of Perkins's pending motions.

## III.

### A.

We review a summary judgment *de novo*. *See Hanks v. Transcontinental Gas Pipe Line Corp.*, 953 F.2d 996, 997 (5th Cir. 1992). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *See Hanks*, 953 F.2d at 997.

### B.

In responding to the motion for summary judgment, Perkins dropped any argument about race or age discrimination. Instead,

she contended that she had demonstrated a genuine issue of material fact regarding unlawful retaliation. Similarly, in her brief on appeal, she argues that she produced enough evidence to support a finding of retaliation, but does not raise race or age discrimination claims. Consequently, she has waived any challenge to summary judgment on those claims. *See Cathey v. Guenther*, 47 F.3d 162, 163 n.2 (5th Cir. 1995) (stating that issues not raised in the district court are waived); *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) ("An appellant abandons all issues not raised and argued in its *initial* brief on appeal.").

C.

All that remains is Perkins's claim for retaliation under title VII.[2] *See* 42 U.S.C. § 2000e-3(a). To recover, she must demonstrate that she engaged in an activity protected by title VII. *See Grimes v. Texas Dep't of Mental Health & Mental Retardation*, 102 F.3d 137, 140 (5th Cir. 1996).

Perkins's sole theory of retaliation, expressed in her proposed amended complaint, is that Barta and others retaliated against her for her charges of discrimination made at the March 20 meeting. Specifically, she theorizes that, as a punishment for her

---

[2] The original complaint alleges title VII retaliation but not ADEA retaliation. The proposed amended complaint similarly alleges title VII retaliation only. It is not obvious from the record whether the district court considered the allegations in the amended complaint. Because Perkins has not demonstrated a genuine issue of material fact under either complaint, we need not resolve that question.

complaints, Barta and others conspired to frame her for the disappearance of the $20,000. Therefore, to proceed to trial, she must demonstrate a genuine issue of material fact that she engaged in an activity protected by title VII at the March 20 meeting.

### 1.

At deposition, Perkins testified that, at the March 20 meeting, she complained of inappropriate comments directed at her regarding her age. Contrary to Perkins's counsel's assertions, however, she did not testify that she talked about racial discrimination and has produced no evidence that she mentioned it.

### 2.

Perkins argues that she was not given enough time to complete discovery. Under FED. R. CIV. P. 56(f), a party is not entitled to a continuance of a motion for summary judgment, in order to conduct further discovery, unless he requests such a continuance. *See Stults v. Conoco, Inc.*, 76 F.3d 651, 657-58 (5th Cir. 1996). The request need not be in affidavit form but must (1) request extended discovery prior to the ruling on the motion; (2) inform the court that more discovery is being sought; and (3) demonstrate how the requested discovery will create a genuine issue of material fact. *See Wichita Falls Office Assocs. v. BancOne Corp.*, 978 F.2d 915, 919 (5th Cir. 1992). We review for abuse of discretion. *See*

*International Shortstop, Inc. v. Ralley's Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991).

Perkins fails the first and third prongs. Her response to the motion for summary judgment complained of the limitations on discovery and NationsBank's behavior but never requested a continuance. Instead, it requested sanctions and a denial of summary judgment on the merits.

In addition, although Perkins described her intention to depose other NationsBank employees, none of those employees were present at the March 20 meeting. Thus, any information from them would have been useless to show that Perkins complained of racial discrimination at the meeting.

Finally, a party is not eligible for a continuance unless he has diligently pursued discovery. *See International Shortstop*, 939 F.2d at 1267. Although Perkins has been deposed, she has not testified that she complained of racial discrimination in the March 20 meeting. A diligent party would have testified or provided an affidavit in a timely manner.

AFFIRMED.

7